UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SOMERSET MARINE, INC., and :
AMERICAN HOME ASSURANCE COMPANY, : **MEMORANDUM**
: **AND ORDER**
                Plaintiffs, :
:
                v. : 04-Civ.-9513
: (LBS)
WINTERVILLE MARINE SERVICES, INC., :
and JOHN O. JOHNSON, :
:
                Defendants. :
------------------------------------------------------------x

SAND, District Judge.

Before the Court are two motions: a motion to substitute a party, President Casino, for the current defendant, John O. Johnson, pursuant to Rule 25(c) of the Federal Rules of Civil Procedure, and a motion to set aside a certificate of default entered at the behest of Somerset Marine against John O. Johnson. Major aspects of this case have been litigated both before the Federal District Court for the Eastern District of Missouri (the Honorable Stephen N. Limbaugh, D.J.) and before the Eighth Circuit Court of Appeals. See In re Am. Milling Co., 409 F.3d 1005 (8th Cir. 2005).[1] The Court grants the motion to substitute[2] and defers action on the motion to set aside the default.

---

[1] The Eighth Circuit panel summarized succinctly the legal proceedings leading up to its decision:

> This admiralty case involves numerous appeals and cross-appeals from two district court rulings. In the first ruling, the district court determined that the value of a towboat, the M/V Anne Holly, was $ 2.2 million. In the second ruling, the district court addressed liability issues surrounding allisions that occurred in the St. Louis harbor when barges from the M/V Anne Holly's tow allided with a pier of the Eads Bridge and a moored gambling vessel, the Admiral. The district court determined that the owner of the M/V Anne Holly and the employer of its crew were entitled to limit their liability to $ 2.2 million under the Limitation of Liability Act, 46 App. U.S.C. § 183 et seq. (the "Act"). The district court also determined that the captain of the M/V Anne Holly was competent

1

BACKGROUND

This case involves a barge accident on the Mississippi River and the subsequent battle to determine the scope of responsibility, if any, for insurance coverage. On April 4, 1998, Captain John O. Johnson was directing a towboat ("the M/V Anne Holly") and its attached barges on the Mississippi River when the M/V Anne Holly allided with the Eads Bridge near St. Louis, Missouri, causing several barges to break free. The barges floated down the river and allided with, among others, a permanently moored casino known as the Admiral, causing damage. The M/V Anne Holly was owned by American Milling Co., American Milling, LP, UN Ltd., and H&B Marine, Inc. ("American Milling"). The crew on the boat was provided by Winterville Marine Services, Inc. ("Winterville"). The Admiral was owned by President Riverboat Casino-Missouri, Inc. ("President Casino"). American Milling was insured by Somerset Marine Inc., the managing general agent of a slip of underwriters, and American Home Assurance Company ("Somerset Marine").

Two days after the accident, American Milling brought suit in United States District Court, Eastern District of Missouri, seeking exoneration from, or limitation of, liability for claims resulting from the accident. In a decision in 2003, Judge Limbaugh

---

in general but negligent in this instance and that the allisions resulted from his spontaneous navigational error. Finally, the district court determined that the owner of the Admiral, President Riverboat Casinos, Inc., ("President Casino"), was partially at fault due to its failure to shield or move the Admiral after repeated past allisions at the same location. We reverse the district court's grant of limited liability to the employer of the ship's crew, Winterville Marine Services, Inc. ("Winterville"), because Winterville was not an "owner" as required under the Act. We affirm in all other respects.
In re Am. Milling Co., 409 F.3d 1005, 1007 (8th Cir. 2005).

[2] Somerset Marine and President Casino have submitted a proposed order conditionally consenting to the substitution.

2

made findings of fact and conclusions of law regarding the liability of Winterville and American Milling. Most relevant to this proceeding, Judge Limbaugh found that the American Milling and Winterville were both entitled to invoke the Limitation of Liability Act, 46 U.S.C. § 183 (2005). As such, the liability of American Milling was limited to the amount of $2.2 million, which was the value of the M/V Anne Holly. Winterville's liability was limited to the same amount. In re Am. Milling Co., 270 F. Supp. 2d 1068, 1111 (E.D. Mo. 2003) rev'd in part, 409 F.3d 1005 (8th Cir. 2005).

On May 17, 2005, the Eighth Circuit affirmed most aspects of the District Court decision, but held that the District Court had erroneously limited the potential liability of Winterville. In re Am. Milling Co., 409 F.3d 1005, 1007 (8th Cir. 2005). The Eighth Circuit found that "Winterville is not an owner entitled to limited liability under the [Limitation] Act." Id. at 1022. As such, Winterville (and potentially American Milling through its relationship with Winterville) faced the possibility of liability in excess of the $2.2 million limit.

On December 3, 2004, American Milling's insurer, Somerset Marine, sought a declaratory judgment from this Court that would eliminate the possibility of greater liability. Somerset Marine contends that Winterville and Captain Johnson are not insured under an excess liability insurance policy or under any other theory of liability. The day after the Eighth Circuit decision in May of this year, Somerset Marine moved for a default judgment against Captain Johnson and Winterville. Winterville filed for Chapter 11 bankruptcy protection on June 1, 2005.

President Casino opposes the attempt to obtain a default judgment against Captain Johnson and asks the Court to set aside the certificate of default entered by the Court

3

clerk, on the basis of which Somerset Marine seeks a default judgment. On June 22, 2005, Captain Johnson assigned all of his interests in the case to President Casino in exchange for its agreement not to pursue his assets in any judgment it obtains. Thus, as part of its challenge to Somerset Marine's motion for declaratory judgment, President Casino seeks to be substituted for Captain Johnson based upon Captain Johnson's purported assignment to President Casino of all his interests as they pertain to this lawsuit. Somerset Marine contends that any such assignment is invalid because the insurer must approve any assignment, and no approval was given. However, Somerset Marine has agreed to the substitution of President Casino for the limited purpose of resolving the default issue.

RULE 25 MOTION TO SUBSTITUTE

Rule 25(c) of the Federal Rules of Civil Procedure permits a party to be substituted in the case of any transfer of interest when the Court "directs the person to whom the interest is transferred to be substituted in the action or joined with the original party." FED. R. CIV. P. 25(c). Captain Johnson has transferred his interest to President Casino in exchange for its agreement not to pursue his assets in any judgment President Casino obtains.

The motion for substitution is granted. Both parties have agreed to the substitution and the Court permits the substitution for the limited purpose of resolving the default judgment issue. Somerset Marine has consented to the motion to substitute President Casino though it "still dispute[s] the validity and effect of the assignment and, upon proper submission, will seek a ruling from the Court thereon." Letter from

4

Somerset Marine to Court of 9/22/05, at 2. The parties will have adequate opportunity to contest the validity of the assignment in later proceedings.

MOTION FOR DEFAULT JUDGMENT

President Casino asks that the certificate of default entered by the clerk against Captain Johnson be set aside and that Somerset Marine's motion for a default judgment be denied.[3] However, a motion is pending before Judge Limbaugh regarding whether commencement of this declaratory judgment action is in violation of his stay order of October 1998. This Court will defer deciding the motion for default judgment until Judge Limbaugh issues his decision. If at that point the declaratory judgment action has been held not to be in violation of the stay, the Court will schedule briefing and argument on whether this action should be transferred to the Eastern District of Missouri pursuant to 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a), as requested by President Casino. If this Court denies transfer, it will, after hearing from the parties, schedule arguments on the merits on the remaining issues on the case, including validity of the assignment, grant or denial of a default judgment, and any other issues which the parties wish the Court to resolve.

THEREFORE IT IS ORDERED that President Casino be and is hereby substituted for John O. Johnson as a defendant pursuant to Rule 25(c).

It is further Ordered that the Motion to Set Aside Default previously filed by President Casino and pending before this Court is amended to reflect President Casino's

---

[3] Somerset Marine originally moved for a default judgment to be entered against Winterville as well but both parties have agreed to sever those proceedings as against Winterville from the instant matter. President Casino is not attempting to step into the shoes of Winterville.

5

substitution pursuant to Rule 25(c) and determination of that motion is deferred as set forth herein.

SO ORDERED

Dated:   New York, New York
         October 4, 2005

_____
U.S.D.J.